The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Ted R. WILSON and Clem C. Martin, D.C., Appellees.

No. 06–99–00175–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 29, 2000.

Decided Aug. 1, 2000.

44

Ronald D. Wren, Bedford, Kenneth K. Stephens, Law Offices of Kenneth K. Stephens, Dallas, for appellant.

Gary Johnson, Joe F. Smith, Foreman, Boudreaux, Smith & Johnson, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

The Travelers Insurance Company appeals from a de novo jury trial verdict rendered on behalf of Ted R. Wilson and his treating chiropractor, Clem C. Martin, D.C. The jury found that the chiropractic care received by Wilson was reasonable and necessary, and it awarded $120,621.27 as compensation for the unpaid chiropractic services.

On appeal, Travelers contends that the trial court erred by failing to track the

language of the applicable workers' compensation statute in the charge of the court. It further complains that the evidence is legally and factually insufficient to support the jury's finding of $120,621.27 in unpaid chiropractic care and that this excessive finding requires remittitur. Finally, Travelers claims that the trial court committed reversible error by precluding Dr. John Milani from offering opinions on the reasonableness and necessity of Martin's chiropractic care. We overrule all points of error and affirm the judgment of the trial court.

It is undisputed that Wilson was injured on March 30, 1989, while in the course and scope of his employment at Southwest Pump. It is also undisputed that Southwest Pump had a workers' compensation policy with Travelers which covered Wilson's incapacity. As compensation for Wilson's injury, Travelers has paid in full the maximum amount of indemnity benefits, and it has paid medical expenses in the amount of $52,109.57. However, Wilson complains that Travelers has refused to pay for the remainder of his reasonable and necessary medical expenses. At trial, the jury agreed with Wilson's contentions and awarded him $120,621.27 in unpaid chiropractic expenses.

On appeal, Travelers first complains that the trial court committed reversible error by failing to track the language of the applicable workers' compensation statute in the charge of the court. The trial court submitted the following question:

> Was chiropractic care reasonably required as a result of Ted Wilson's injury?

> An employee has the sole right to select or choose the persons or facilities to furnish medical aid, chiropractic services, hospital services and nursing.

> An employee is entitled to receive chiropractic care reasonably required at the time of the injury and any time thereafter to cure or relieve the effects that naturally result from the injury.

> Any employee is entitled to receive physical rehabilitation for such a period as the nature of the injury may require or as necessary to reasonably restore the employee to his normal level of physical capacity or as necessary to give reasonable relief from pain.

The jury affirmatively answered this question, finding that chiropractic care was reasonably required as a result of Wilson's injury. Travelers contends that the submission of this question constitutes reversible error because it cites an incorrect legal standard. Specifically, it claims that in the second paragraph the "cure or relieve" language is incorrect because the applicable workers' compensation statute actually requires that chiropractic services "cure and relieve" the effects that result from the injury. *See* TEX.REV.CIV. STAT. ANN. art. 8306, § 7,[1] *repealed by* Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01, 1989 Tex. Gen. Laws 114–15.

A trial court has broad discretion in submitting jury instructions. *See Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 791 (Tex.1995). For an instruction to be proper, it must assist the jury, accurately state the law, and find support in the pleadings and the evidence. *See* TEX.R. CIV. P. 277. To determine whether an alleged error in the jury charge is reversible, we consider the pleadings, the evidence presented at trial, and the charge in its entirety. *See Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986). Error in the charge is reversible only if harmful, that is, if it caused or was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a)(1).

The old workers' compensation statute does in fact use the phrase "cure and relieve" rather than "cure or relieve,"

1. Act of May 26, 1983, 68th Leg., R.S., ch. 483, § 6, 1983 Tex. Gen. Laws 2822–23.

**46**

and it is true that ordinarily, when liability is asserted based on a provision of a statute or regulation, a jury charge should track the language of the statute whenever possible. *See Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994). However, to end our inquiry here, with a finding that the use of the conjunction "or" rather than "and" constitutes reversible error, would defy common sense and would defeat the purpose of the workers' compensation statute. The old workers' compensation statute does not simply state that the treatment must "cure and relieve." The statute, in pertinent part, reads as follows:

[T]he association shall furnish such … chiropractic services … as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury. Such treatment shall include treatments necessary to physical rehabilitation … for such period as the nature of the injury may require or as necessary to reasonably restore the employee to his normal level of physical capacity or as necessary to give reasonable relief from pain. . . .

TEX.REV.CIV. STAT. ANN. art. 8306, § 7. We must read a statute as a whole, not just isolated portions, to determine the meaning of a statute and to facilitate the meaning that was intended by its drafters. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999); *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990). When given its plain meaning, the statute clearly states that one type of service that is reasonably required are those treatments that are necessary to give reasonable relief from pain. Therefore, it is clear that the workers' compensation laws never intended to provide relief only to those employees whose injuries are curable. *See Transport Ins. Co. v. Polk*, 388 S.W.2d 474, 477–78 (Tex.Civ.App.-Fort Worth 1965), *aff'd*, 400 S.W.2d 881 (Tex.1966). Additionally, there is a "general rule that the Workmen's Compensation Act should be liberally construed so as to effectuate the beneficent purposes for which it was enacted." *Travelers Ins. Co. v. Adams*, 407 S.W.2d 282, 287 (Tex.Civ.App.-Texarkana 1966, writ ref'd n.r.e.). If we held this submission to be reversible error, we would not be upholding this general rule.

In this case, there was no evidence by either side that Wilson's injury could be cured. Rather, this was a case where Wilson was merely attempting to prove that Martin's chiropractic services were reasonable and necessary to relieve his pain. Using "or" rather than "and" in the submission of Question No. 1 did not misstate the law and did not cause the rendition of an improper judgment. Therefore, we overrule the first point of error.

■■ Travelers' second issue on appeal is that the evidence is legally and factually insufficient to support the amount of the award of reasonable and necessary medical expenses. When reviewing for legal sufficiency, we consider only the evidence and inferences that support the jury's finding. We must disregard all contrary evidence and inferences, and if there is any probative evidence to support the finding, then we must uphold the verdict. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *K Mart Corp. v. Rhyne*, 932 S.W.2d 140, 142 (Tex. App.-Texarkana 1996, no writ). If more than a scintilla of evidence is found to support the verdict, then we conduct a factual sufficiency analysis, where we consider all of the evidence that was presented. *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex.1993). After the evidence is properly weighed and examined, we must set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *see Wilson v. Goodyear Tire & Rubber Co.*, 753 S.W.2d 442, 448 (Tex. App.-Texarkana 1988, writ denied).

■■ Travelers contends that there is legally and factually insufficient evidence in the record to support the jury's

$120,621.27 award for reasonable and necessary chiropractic services, because the highest amount of unpaid chiropractic services testified to was $102,050.00. However, this is not a complete description of the testimony regarding the unpaid medical services. Janet Martin, Martin's wife and office manager, was the only person who testified to the exact figures for these unpaid services. The evidence shows that the outstanding balance was $102,050.45 and that the allowed statutory interest was $18,570.82. The court, without objection, took judicial notice of the statute that allows for prejudgment interest to be awarded in workers' compensation cases. *See* TEX.REV.CIV. STAT. ANN. art. 8306, § 7b(h),[2] *repealed by* Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01, 1989 Tex. Gen. Laws 114–15. The combination of these two figures equals the exact amount awarded by the jury in response to Question No. 2. Therefore, we find that the evidence is both legally and factually sufficient to support the jury's award.

■ Alternatively, Travelers argues that the jury award is excessive. In this claim, Travelers is not arguing that Wilson and Martin are not entitled to receive prejudgment interest; rather, it is contending that the court, not the jury, should have awarded any prejudgment interest. It is true that the jury was not specifically asked in the charge to consider the interest owed in determining the award, and as a normal course of business the court would make the prejudgment interest determination. However, in a case such as this, the fact that the jury included the interest in its verdict is harmless error, if it is error at all.[3]

■ A trial court has the right to modify, correct, or reform a judgment so that it comports with the evidence presented at trial. TEX. R. CIV. P. 329b(d). Additionally, by Travelers' own admission, a trial court also has the right to award prejudgment interest. Therefore, the trial court was entitled to reduce the amount of the award to $102,050.45 to comport with the evidence and then, as a matter of law, add the $18,570.82 as prejudgment interest. We believe that this is precisely what the trial court was trying to accomplish when it entered its corrected judgment, changing the wording of the $120,621.27 award from "said amount constitutes $102,050.45 for the actual amount of unpaid chiropractic services plus $18,570.82 in statutory interest, *all as found by the jury*" (emphasis added) to "*as found by the jury and the Court*" (emphasis added). However, even if the court did not accomplish this task in the proper manner, we find any error to be harmless because the alleged error does not affect the result.

■ Additionally, even if the lower court had not rendered the corrected judgment, any alleged error would still be harmless. A reviewing court has the power to modify the amount of recovery and reform a damages award. *See Atlas Chem. Indus., Inc. v. Anderson,* 514 S.W.2d 309, 319 (Tex.Civ.App.-Texarkana 1974), *aff'd,* 524 S.W.2d 681 (Tex.1975). Therefore, even if the trial court had not broken down the award into an amount for the actual recovery and an amount for prejudgment interest, this Court would have been entitled to do so. This point of error is overruled.[4]

2. Act of June 1, 1987, 70th Leg., R.S., ch. 1118, § 1, 1987 Tex. Gen. Laws 3834, 3835.

3. It is not clear to this Court that the jury committed error by including the interest in its award, especially considering the fact that the amount of prejudgment interest was testified to at trial, without objection, and the fact that during closing argument the jury was asked to award this $120,000.00 figure, once again without objection. Travelers did not

file a motion to modify or correct the judgment. Therefore, it has waived its right to complain on appeal. *See Kuehnhoefer v. Welch,* 893 S.W.2d 689, 694 (Tex.App.-Texarkana 1995, writ denied).

4. Wilson and Martin contend that points of error three and four should be overruled as a result of Travelers' bringing forth an insufficient or incomplete reporter's record. However, Travelers did properly request a

Finally, Travelers contends that the trial court committed reversible error by precluding Dr. John Milani from offering opinions on the reasonableness and necessity of the chiropractic care rendered by Martin. The determination of whether a witness is qualified to testify as an expert is a matter of judicial discretion, and this decision will not be disturbed unless a clear abuse of discretion is shown. *See United Blood Servs. v. Longoria,* 938 S.W.2d 29, 30 (Tex.1997). A trial court abuses its discretion when its decision is made without reference to any guiding rules or principles. *E.I. du Pont de Nemours and Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995). This gatekeeper function is a right that is given to the trial court, and a reviewing court may not substitute its judgment for that of the trial court. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992).

Admissibility of the expert's opinion hinges on whether the expert has special knowledge concerning the matter on which his opinion is sought that will assist the trier of fact. *See* TEX.R. EVID. 702. The party offering an expert witness has the burden of establishing his qualifications under Rule 702. *Gammill v. Jack Williams Chevrolet, Inc.,* 972 S.W.2d 713, 718 (Tex.1998), *citing Broders v. Heise,* 924 S.W.2d 148, 151 (Tex.1996).

Therefore, not every medical doctor can qualify as an expert in every given case. The offering party must show his medical expert has "knowledge, skill, experience, training, or education" regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject. *Broders,* 924 S.W.2d at 153. Dr. Milani is an orthopedic surgeon who specializes in spinal cord injury and spinal pain. Milani was allowed to testify about his treatment of Wilson and about Wilson's injury; however, the trial court did not allow him to testify about whether Wilson's chiropractic care was reasonable or necessary.

Milani admitted that he is not a chiropractor and that he has no training, education, or experience in chiropractic skills or treatment. He testified that he has seen and treated patients who have also been treated by a chiropractor; however, Travelers never elicited testimony from Milani that he was familiar with the techniques used in the field of chiropractic or how he determines when chiropractic care is reasonable and necessary for a patient with chronic pain. "[A] conclusory statement, whether by a lay or expert witness, is not evidence." *In re Jones,* 974 S.W.2d 766, 769 (Tex.App.-San Antonio 1998, no pet.), *citing Casualty Underwriters v. Rhone,* 134 Tex. 50, 132 S.W.2d 97, 99 (1939).

In *K Mart Corp. v. Rhyne,* this Court held that a chiropractor, who was qualified to testify about the plaintiff's condition, was not qualified to testify about the cost of future surgeries, since no foundation had been laid regarding his qualifications to opine about this topic. 932 S.W.2d 140, 142, 146 (Tex.App.-Texarkana 1996, no writ). Since Milani had no training or expertise in the field of chiropractic, and Travelers did not show how Milani's medical training and experience as an orthopedic surgeon qualified him to opine about the reasonableness and necessity of chiropractic treatment, we cannot say that the lower court abused its discretion by acting without reference to any guiding rules or principles. *See id.* at 142, 146; *see also Turner v. Peril,* No. 05–97–00930–CV, 2000 WL 19532, at *2 (Tex.App.-Dallas Jan.13, 2000, no pet. h.); *Liberty Universal Ins. Co. v. Gill,* 401 S.W.2d 339, 345–46 (Tex.Civ.App.-Houston 1966, writ ref'd n.r.e.). This point of error is overruled.

The judgment of the trial court is affirmed.

complete reporter's record from the court;

therefore, this argument is without merit.