Ganana TESFA, M.D. and Neurology
Associates of Arlington, P.A.,
Appellants,

v.

Nelson Lee STEWART, as Executor
of the Estate of George Preston
Foster, Deceased, Appellee.

No. 2–03–219–CV.

Court of Appeals of Texas,
Fort Worth.

April 15, 2004.

Cooper & Scully, P.C., R. Brent Cooper, Michelle E. Robberson, Dallas, for Appellants.

Fillmore Law Firm, H. Dustin Fillmore III, Charles W. Fillmore, Fort Worth, for Appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

Appellants, Ganana Tesfa, M.D. and his professional association, appeal an adverse judgment in a medical malpractice suit. In three issues, Appellants claim that: *Harris County v. Smith* error exists in the trial court's broad-form damages question because the record contains no evidence of disfigurement and that element of damages was submitted over objection; no evidence exists that the total damages awarded by the jury resulted from Dr. Tesfa's negligence; and the judgment's pre and postjudgment interest rates should be recalculated based on the 2003 amendments to the Texas Finance Code. We will affirm.

### II. DISFIGUREMENT

In their first issue, Appellants contend that no evidence of disfigurement exists and that, therefore, the trial court erred by submitting this element of damages in a broad-form damage question over Appellants' objection.[1] Appellee, Nelson Lee Stewart, as Executor of the Estate of George Preston Foster, contends that Appellants did not object to the form of the court's charge and that legally sufficient evidence of disfigurement exists.

Special question number 3 of the court's charge provides:

What sum of money would have fairly and reasonably compensated George Preston Foster for injuries prior to

his death, if any, that reasonably resulted from the conduct referred to in Question No. 1?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer in dollars and cents, if any, for the following elements of damages:

a. Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by George Preston Foster.

b. Disfigurement.

c. Physical impairment.

Answer: *[the jury answered $1,000,000]*

d. Medical expenses.

"Medical expenses" means the reasonable and necessary expenses and hospital care received by George Preston Foster.

Answer: *[the jury answered $425,000]*

Appellants asserted a no-evidence objection to each subsection of special question number 3.[2] Appellants did not object to the broad-form submission of the damages question or advise the court that any particular element of damages should not be submitted in broad form.

█ At the outset, we must address whether Appellants preserved their charge error complaint for appeal. The trial

---

1. Appellants' issues do not challenge the legal or factual sufficiency of the evidence to support the jury's findings that Dr. Tesfa was negligent and that Dr. Tesfa's negligence proximately caused Foster to suffer some injuries or the jury's award of $425,000 for past medical expenses. Accordingly, we forego a general statement of facts and instead recite the facts in conjunction with our disposition of Appellants' issues.

2. Specifically, Appellants objected "to question number 3–A on the grounds that there is no evidence, or alternatively, there's legally insufficient evidence as would support submission of such issue to the jury in this case." Appellants asserted an identical objection to subsections 3–B, 3–C, and 3–D.

court is required by the rules of civil procedure to submit controlling questions, including damage questions, in broad form whenever feasible. Tex.R. Civ. P. 277; *see also Tex. Dep't Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990); *Mo. Pac. R.R. Co. v. Lemon*, 861 S.W.2d 501, 508 (Tex. App.-Houston [14th Dist.] 1993, writ dism'd by agr.) (op. on reh'g). Therefore, a party asserting that it is not feasible to submit a particular special question in broad form must specifically object to the broad-form submission. *Accord Crundwell v. Becker*, 981 S.W.2d 880, 884 (Tex. App.-Houston [1st Dist.] 1999, pet. denied) (holding trial court properly overruled objection to the broad-form submission). The supreme court recently emphasized that complaints of error in broad-form submission must be preserved by objection at trial. *In re B.L.D.*, 113 S.W.3d 340, 349–50 (Tex.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1674, 158 L.Ed.2d 371 (2004). "A timely objection, *plainly informing the court that a specific element of damages should not be included in a broad-form question* because there is no evidence to support its submission, therefore preserves the error for appellate review." *Id.* (quoting *Harris County v. Smith*, 96 S.W.3d 230, 236 (Tex.2002)) (emphasis added); *see also In re A.V.*, 113 S.W.3d 355, 362 (Tex.2003) (recognizing alleged broad-form charge error not preserved when appellant "did not argue to the trial court that because the charge was based on a theory without evidentiary support, *the charge should not be submitted in broad form*") (emphasis added); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 389 (Tex. 2000) (holding "timely and specific" objection necessary to preserve broad-form charge error); *Thomas v. Oldham*, 895 S.W.2d 352, 359–60 (Tex.1995) (holding that because appellant did not ask for separate damage findings he could challenge only legal sufficiency of evidence supporting whole verdict even though jury made marginal notations on charge giving amounts for each damage element).

■ Additionally, Rule 274 of the rules of civil procedure provides that a party's charge objection is untenable if it is "obscured or concealed by voluminous unfounded objections, minute differentiations or numerous unnecessary requests." Tex.R. Civ. P. 274. The standard for reviewing the sufficiency of a charge objection is whether it called the trial court's attention to the issue. Tex.R.App. P. 33.1(a)(1)(A) (requiring an objection to grounds for the ruling the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (op. on reh'g) (holding "[t]here should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling"); *see also* David E. Keltner and Karen S. Precella, *The Court's Charge: The State of Payne and the Progeny of Casteel*, State Bar of Tex. Advanced Civil Appellate Practice Course 6, 6–8 (2003) (pointing out that preservation under *Payne* requires that the record clearly reflect that the trial court understood the complaint but chose not to change the charge).

■ Appellants here objected to the submission of all four elements of damages submitted to the jury, including medical expenses, on no-evidence grounds, essentially asserting that no damage question should be submitted to the jury at all. Appellants did not object in any respect to the form of the damages question, did not contend that some proper element of dam-

ages was improperly comingled in a list with a damage element supported by no evidence, and did not plainly inform the trial court that any specific element of damages—as opposed to every element of damages—should not be included in the broad-form submission. *Cf. B.L.D.*, 113 S.W.3d at 349–50 (requiring specific objection that particular damage element should not be included in broad-form list); *Harris County*, 96 S.W.3d at 236 (same); *see also A.V.*, 113 S.W.3d at 362 (recognizing alleged broad-form charge error not preserved when appellant did not argue that question should not be submitted in broad form). Appellants' objection was not specific and it did not call the trial court's attention to any problem with the broad-form damages submission. *Cf.* TEX.R.APP. P. 33.1(a)(1)(A). Additionally, Appellants' no-evidence objections to every element of damages obscured the complaint they now make: that special question number 3 improperly comingled some valid damage elements with an improperly submitted disfigurement element of damages. *See, e.g., Davis v. Sheerin*, 754 S.W.2d 375, 385 (Tex.App.-Houston [1st Dist.] 1988, writ denied) (holding charge objection of "no evidence, insufficient evidence, no predicate, comment on the evidence" did not preserve appellant's comment-on-the-weight-of-the-evidence complaint because appellant failed to explain how question constituted comment on the evidence and only included this among other stock objections). In short, the record does not reflect that the trial court understood the complaint Appellants now raise but chose not to change the charge. Appellants simply made stock no-evidence objections to every element of damages included in the court's charge. Accordingly, we hold that Appellants did not preserve their broad-form submission charge error complaint.

Liberally construing Appellants' first issue, as we must, the issue also challenges the legal sufficiency of the evidence of disfigurement. TEX.R.APP. P. 38.1, 38.9. Consequently, we address the legal sufficiency of the evidence to support submission of disfigurement. In determining a no-evidence issue, we consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex.2001); *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cazarez*, 937 S.W.2d at 450; *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.1996). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex.2002).

Foster's medical records demonstrate that Foster suffered scarring from surgeries which experts testified were necessitated by Dr. Tesfa's negligence. Specifically, Dr. Greenstein testified that as a result of Dr. Tesfa's negligence Foster developed an empyema, an infection in the pleural space of his chest cavity. The empyema necessitated two thoracostomys by Dr. Norcross to insert chest tubes into Foster's chest cavity. The medical records, including nurses' notes and photographs, demonstrate that Foster suffered scars as a result of the thoracostomy surgeries. Surgical scars may constitute compensable disfigurement. *See, e.g., Wal–Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664, 673 (Tex.App.-Texarkana 1999, pet. denied) (holding evidence of "small scar on her lower back and hip" legally sufficient evidence of disfigurement); *Northwest Mall, Inc. v. Lubri–Lon*

*Int'l, Inc.*, 681 S.W.2d 797, 804–05 (Tex. App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding evidence of three hip surgeries prior to trial and anticipation of three more hip surgeries, each leaving bigger scars, sufficient to support award of $25,000 for past disfigurement and $30,000 for future disfigurement); *see also Pressey v. Patterson*, 898 F.2d 1018, 1025 (5th Cir. 1990) (holding disfigurement evidence sufficient when plaintiff had obvious disfigurement before reconstructive surgery, and some scarring remained after surgery); *Firestone Tire & Rubber Co. v. Battle*, 745 S.W.2d 909, 917 (Tex.App.-Houston [1st Dist.] 1988, writ denied) (holding $110,000 disfigurement award factually sufficient based on scarring, including some surgical scarring, of plaintiff's hand). Viewing only the evidence and inferences that tend to support the existence of disfigurement and disregarding all evidence and inferences to the contrary, more than a scintilla of evidence exists supporting submission of the disfigurement element of damages to the jury.

■■■ Moreover, two experts, Dr. Campbell and Dr. Greenstein, testified that they had reviewed Foster's medical records and that Foster suffered disfigurement as a result of Dr. Tesfa's negligence. Appellants claim that, although they did not object to Dr. Campbell's or Dr. Greenstein's expert testimony, it is no evidence of disfigurement because it is conclusory. Appellants urge us to disregard Dr. Campbell's and Dr. Greenstein's disfigurement testimony in conducting our legal sufficiency review. To preserve a complaint that an expert's opinion constitutes no evidence, a party must object to the evidence before

trial, object when the evidence is offered, or move to strike the testimony after cross-examination reveals that the opinion is not supported by facts or data. *See Kerr–McGee Corp. v. Helton*, 133 S.W.3d at 251–52 (Tex.2004) (holding that, where cross-examination established that expert "had no factual basis" for his projections, expert's opinion constituted no evidence and motion to strike testimony preserved no-evidence point for review); *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 409 (Tex.) (holding appellant waived contention that expert testimony constituted no evidence by failing to object until after jury verdict), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). Appellants did not object to Dr. Campbell's or Dr. Greenstein's disfigurement testimony and did not move to strike the disfigurement testimony. Thus, Appellants did not preserve their complaint that Dr. Campbell's and Dr. Greenstein's disfigurement testimony constitutes no evidence. *See Ellis*, 971 S.W.2d at 409 (requiring timely objection so that offering party is given opportunity to cure any defect and thereby prevent "trial and appeal by ambush"). Finally, even disregarding Dr. Campbell's and Dr. Greenstein's disfigurement testimony, Foster's medical records, including nurses' notes and photographs of the scars he sustained from the thoracostomy surgeries, constitute more than a scintilla of evidence supporting submission of disfigurement to the jury. We overrule Appellants' first issue.[3]

### III. UNLIQUIDATED DAMAGES AWARD

In their second issue, Appellants contend that pursuant to the dictates of *Tex-*

---

3. During oral argument, Appellants contended that proof of disfigurement requires evidence that the plaintiff was embarrassed by the deformity. Because Appellants' brief does not address or present authorities for this argument, we do not consider it. *See* Tex.

R.App. P. 38.1(h). *But cf. Terry v. Garcia*, 800 S.W.2d 854, 858 (Tex.App.-San Antonio 1990, writ denied) (holding evidence of disfigurement sufficient although "Garcia was not embarrassed by this condition").

*arkana Memorial Hospital v. Murdock* the jury's award of unliquidated damages for pain and mental anguish, disfigurement, and physical impairment must be reversed because the total damage award for these elements fails to segregate damages Foster suffered in a June 1997 automobile accident from damages attributable to Dr. Tesfa's alleged subsequent negligence beginning in August 1997. 946 S.W.2d 836 (Tex.1997). Appellants argue that "the record contains more than a scintilla of evidence that some of the damages are attributable to Dr. Tesfa's negligence, but no evidence to support the entire award of actual damages." [Footnote omitted.] Appellee responds that the trial court specifically instructed the jury to award Foster damages only for injuries caused by Dr. Tesfa's negligence and contends that Appellants failed to allege or establish the jury's failure to follow this instruction. We have examined the *Murdock* case, and it is not applicable to the issue presented by Appellants.

In *Murdock*, the supreme court held that a plaintiff should recover only for past medical expenses arising from treatment necessitated by the defendant's negligence, as opposed to other causes, where such a differentiation is possible. *Id.* at 840. The supreme court recognized that an award of past medical expenses is typically capable of such a differentiation because past medical expenses are incurred in specific amounts for specific purposes, unlike unliquidated damages such as pain and suffering where the jury has broad discretion in determining an appropriate award. *Id.* at 841. Consequently, *Murdock* requires a plaintiff who is being treated for more than one condition, when the conditions are brought on by causes independent of each other (one cause being the alleged negligence of the defendant), when possible, to segregate the past medical expenses attributable to each condition. *Id.* at 840. The failure to segregate does not render an unsegregated total damage award legally insufficient; it entitles the defendant to a new trial so that the plaintiff can prove which medical expenses were necessitated by the defendant's alleged negligence and so that the defendant is held accountable only for the past medical expenses attributable to his alleged negligence. *Id.*

Here, unlike in *Murdock*, Appellants do not challenge the jury's award of past medical expenses. They instead complain that the jury's damage award for pain, mental anguish, disfigurement, and physical impairment does not segregate what amount of these damages directly resulted from alleged medical malpractice by Dr. Tesfa, as opposed to the car accident. The supreme court limited its segregation holding in *Murdock*, however, to past medical expenses, expressly noting that past medical expenses are "readily capable of measurement by a certain standard" ... "unlike more nebulous measures of damages such as pain and suffering where the jury has broad discretion when fixing an amount to award." *Id.* at 841. The *Murdock* holding cannot and does not apply to unliquidated damages. *Id.*

■ Moreover, as noted by Appellee, the jury was instructed to determine the damages, "if any, that reasonably resulted from the conduct referred to in Question No. 1," the negligence question.[4] Unless the record demonstrates otherwise, we must presume that the jury followed this instruction in answering special question number 3. *See, e.g., Golden Eagle Archery,*

---

4. In special question number 1, the jury determined that the negligence of only Dr. Tesfa proximately caused injury to Foster.

*Inc. v. Jackson*, 116 S.W.3d 757, 771 (Tex. 2003); *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 167 (Tex.1982); *Arkoma Basin Exploration Co., Inc. v. FMF Assoc. 1990–A, Ltd.*, 118 S.W.3d 445, 462 (Tex.App.-Dallas 2003, no pet.); *Rendon v. Avance*, 67 S.W.3d 303, 310–11 (Tex.App.-Fort Worth 2001, pet. granted, cause remanded w.r.m.); *Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 347 (Tex.App.-Austin 2000, pet. denied). Appellants do not point to any evidence in the record, and we have located none, rebutting the presumption that the jury followed the instruction given in the court's charge telling them to determine what sum of money would compensate Foster for injuries, "if any, that reasonably resulted from the conduct referred to in Question No. 1."[5] Thus, we presume the jury's unliquidated damage award was limited, in accordance with the trial court's express instruction and the jury's answer to question number 1, to injuries attributable to Dr. Tesfa's negligence alone. We overrule Appellants' second issue.

## IV. INTEREST

■ In their third issue, Appellants contend that the 2003 amendments to the Texas Finance Code altering postjudgment interest rates apply to the judgment signed in this case. *See* TEX. FIN.CODE ANN. § 304.003 (Vernon Supp.2004). The judgment in this case was signed on April 25, 2003. The finance code amendments apply to a final judgment that "is signed or subject to appeal on or after the effective date of this Act." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 6.04, 2003 Tex. Gen. Laws 862, 862 (effective date Sept. 1, 2003); Act of June 1, 2003, 78th Leg., R.S., ch. 676, § 2(a), 2003 Tex. Gen. Laws 2096,

2097 (effective date June, 20, 2003). A judgment is "subject to appeal" when it is capable of being appealed. *Columbia Med. Ctr. v. Bush*, 122 S.W.3d 835, 865 (Tex.App.-Fort Worth 2003, pet. filed); *see also* Jennifer Tillison, *Subject to Appeal*, THE APPELLATE ADVOCATE, Vol. XVI, No. 4, at 6–12 (Winter 2004). Here, the final April 25, 2003 judgment was "signed" and was "subject to appeal" on the date it was signed, before the June 20, 2003 and September 1, 2003 effective dates of the amendments to the finance code. Accordingly, the amendments are not applicable to the judgment in this case. *See Bush*, 122 S.W.3d at 865–66 (citing legislative history of House Bill 4 explaining legislature's intent that finance code amendments operate only prospectively).

Appellants contend that because they did not file their notice of appeal until July 17, 2003, the judgment was not "subject to appeal" until that date. We cannot agree. A final judgment is subject to appeal when it is capable of being appealed. *Id.* The final judgment here was capable of being appealed on April 25, 2003, the date it was signed. Appellants' decision to file a motion for new trial and to proceed under the extended appellate timetable, delaying perfection of their appeal until July 17, 2003, does not alter the date that the final judgment in this case was subject to appeal: April 25, 2003. We overrule Appellants' third issue.

## V. CONCLUSION

Having overruled Appellants' issues, we affirm the trial court's judgment.

---

5. As pointed out by Appellee, Appellants do not challenge the factual sufficiency of the evidence to support the jury's total damage award for pain, mental anguish, disfigurement, and physical impairment.