COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-012-CV
 
  
HELEN 
PRINGLE, INDEPENDENT                                              APPELLANT
EXECUTRIX 
OF THE ESTATE OF
BRANTLEY 
PRINGLE, DECEASED
 
V.
 
TOBY 
MOON                                                                           APPELLEE
 
 
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
OPINION
 
------------
        In 
this personal injury case, Helen Pringle, as independent executrix of the estate 
of Brantley Pringle, appeals from a judgment for Toby Moon.  In two issues, 
Helen contends that the trial court erred in applying the wrong prejudgment 
interest rate and in calculating prejudgment interest on the damages found by 
the jury rather than on the judgment amount.  We will reverse the part of 
the judgment relating to prejudgment interest and remand to the trial court to 
recalculate prejudgment interest in accordance with this opinion.
        On 
July 18, 2000, Brantley was driving in Parker County when he came upon a 
construction zone where Moon was working with tree removal equipment.  
Brantley’s car struck a piece of equipment, which pushed Moon into another 
piece of equipment and caused him to sustain injuries.  Because Moon 
sustained his injuries in the course and scope of his employment, he sought and 
received workers’ compensation insurance benefits totaling $39,430.69 from 
Texas Mutual Insurance Company (Texas Mutual).  Brantley filed suit against 
Moon, and Moon counterclaimed.
        Before 
trial, Texas Mutual asserted a right to recovery of benefits paid to Moon.  
Brantley’s liability insurance carrier, GEICO, then entered into an agreement 
with Texas Mutual whereby, in exchange for GEICO’s cash payment, Texas Mutual 
assigned to GEICO Texas Mutual’s right to recovery of the statutory workers’ 
compensation lien in the amount of $39,430.69.  GEICO then assigned to 
Brantley the subrogation recovery interest Texas Mutual had previously assigned 
to GEICO.
        The 
case was tried to a jury in Parker County in June 2003.  At the conclusion 
of the evidence, the jury returned a verdict finding Brantley negligent and 
liable to Moon for $44,243.06.  The trial court rendered judgment on the 
verdict on July 7, 2003.  Thereafter, Brantley filed a motion to modify the 
judgment because it did not reflect the amount of his workers’ compensation 
lien.  On August 20, 2003, the trial court granted Brantley’s motion and 
vacated the July 7 judgment.
        Brantley 
died suddenly on September 2, 2003.  Helen, as independent executrix of 
Brantley’s estate, was substituted as a party on October 24, 2003.
        The 
trial court rendered a final judgment on October 30, 2003, allowing the credit 
for Brantley’s workers’ compensation lien and calculating prejudgment 
interest at the rate of ten percent per annum on the entire amount of damages 
found by the jury.  Helen filed a motion to modify both the interest rate 
and the interest calculation in the judgment, which was overruled by operation 
of law.  This appeal followed.
        In 
her first issue, Helen contends that the trial court erred in applying the wrong 
prejudgment interest rate to the damages award. Helen argues that the correct 
prejudgment interest rate was the greater of five percent or the prime interest 
rate in effect when the final judgment was signed.  Moon contends that the 
final judgment was signed July 7, 2003, that the October 30 judgment was merely 
a judgment nunc pro tunc, and that the trial court properly determined that the 
applicable interest rate is ten percent.
        The 
prejudgment interest rate is controlled by statute.  See Tex. Fin. Code Ann. §§ 304.003, 
304.103 (Vernon Supp. 2004-05).  Because statutory construction is a 
question of law, we review the trial court’s decision de novo.  Tex. 
Dep’t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Town of 
Flower Mound v. Stafford Estates, L.P., 71 S.W.3d 18, 26 (Tex. App.—Fort 
Worth 2002, no pet.).  Under a de novo standard of review, the reviewing 
court exercises its own judgment and redetermines each legal issue.  Subaru 
of Am., Inc. v. David McDavid Nissan Inc., 84 S.W.3d 212, 222 (Tex. 2002); Quick 
v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998).
        A 
judgment in a personal injury case earns prejudgment interest. Tex. Fin. Code Ann. § 304.102 (Vernon 
Supp. 2004-05).  The prejudgment interest rate is equal to the postjudgment 
rate applicable at the time of judgment. Id. § 304.103.  During the 
regular 2003 legislative session, the legislature passed House Bills 4 and 2415, 
both of which contained nearly identical amendments to the finance code that 
effectively reduced the postjudgment interest rate from ten to five percent.[1]  Both bills provided that the new interest rate would 
apply in a case in which a final judgment was “signed or subject to appeal on 
or after the effective date of this Act.”  Tex. H.B. 2415, § 2(a), 78th 
Leg., R.S., 2003 Tex. Gen. Laws 2096, 2097; Tex. H.B. 4, § 6.04, 78th Leg., R.S., 
2003 Tex. Gen. Laws 847, 862.  Because House Bill 4 went into effect on 
September 1, 2003, H.B. 4, § 23.02, 2003 Tex. Gen. Laws 847, 898, its 
prejudgment interest rate applies in any case in which a final judgment was 
signed or subject to appeal on or after September 1, 2003.[2]  
Burke v. Union Pac. Res. Co., 138 S.W.3d 46, 74 (Tex. App.—Texarkana 
2004, no pet.); see also Columbia Med. Ctr. of Las Colinas v. Bush, 122 
S.W.3d 835, 865 (Tex. App.—Fort Worth 2003, no pet.) (holding that judgment is 
“subject to appeal” when it fully and finally disposes of all parties and is 
therefore capable of being appealed).
        The 
final judgment in this case was signed October 30, 2003. Moon’s argument that 
the October 30 judgment was nunc pro tunc and therefore related back to the July 
7 judgment is not supported by the record.  The trial court expressly 
vacated the July 7 judgment in its order granting Pringle’s motion to modify 
and at a later hearing twice acknowledged setting aside that judgment.[3]
        A 
judgment that has been vacated has no legal effect.  Shelby Operating 
Co. v. City of Waskom, 964 S.W.2d 75, 80 (Tex. App.—Texarkana 1997, pet. 
denied).  When a judgment has been rendered and later set aside or vacated, 
the matter stands precisely as if there had been no judgment.  Ferguson 
v. Naylor, 860 S.W.2d 123, 127 (Tex. App.—Amarillo 1993, writ denied); Sawyer 
v. Donley County Hosp. Dist., 513 S.W.2d 106, 109 (Tex. Civ. App.—Amarillo 
1974, no writ).  Therefore, despite the trial court’s statement of its 
intention that the October 30 judgment would relate back to the July 7 judgment, 
the October 30 judgment could not relate back because the July 7 judgment no 
longer existed.
        Because 
the final judgment in this case was signed and became subject to appeal after 
September 1, 2003, the trial court erred in applying a prejudgment interest rate 
of ten percent instead of five percent.  We sustain Helen’s first issue.
        In 
her second issue, Helen contends that the trial court improperly calculated 
prejudgment interest on the entire amount of damages found by the jury rather 
than the amount awarded to Moon after the credit for Brantley’s workers’ 
compensation lien.  Helen argues that the trial court should have deducted 
the amount of Brantley’s workers’ compensation lien from the total damages 
before calculating prejudgment interest.  Moon contends that the trial 
court correctly calculated prejudgment interest on the full amount of damages 
found by the jury.[4]
        Because 
the calculation of prejudgment interest is a question of law, Travelers Ins. 
Co. v. Wilson, 28 S.W.3d 42, 47 (Tex. App.—Texarkana 2000, no pet.); Morgan 
v. Ebby Halliday Real Estate, Inc., 873 S.W.2d 385, 391 (Tex. App.—Fort 
Worth 1993, no writ); Strickland v. Coleman, 824 S.W.2d 188, 192-93 (Tex. 
App.—Houston [1 Dist.] 1991, no writ), we will review the issue de novo, Mayhew 
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 
526 U.S. 1144 (1999); Town of Flower Mound, 71 S.W.3d at 26.
        Prejudgment 
interest is compensation allowed by law as "additional damages for lost use 
of money due as damages during the lapse of time between the accrual of the 
claim and the date of judgment."  Johnson & Higgins of Tex., 
Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 528 (Tex. 1998).  
Prejudgment interest is calculated on the judgment amount, not the amount of 
damages awarded by the jury.  C & H Nationwide, Inc. v. Thompson, 
810 S.W.2d 259, 275 (Tex. App.—Houston [1st Dist.] 1991), aff'd in part and 
rev'd in part on other grounds, 903 S.W.2d 315 (Tex. 1994); Owens-Corning 
Fiberglas Corp. v. Schmidt, 935 S.W.2d 520, 524 (Tex. App.—Beaumont 1996, 
writ denied).  Any credits or offsets due a defendant should be deducted 
from the total damages awarded before—not after—prejudgment interest is 
calculated.  Roberts v. Grande, 868 S.W.2d 956, 960 (Tex. 
App.—Houston [14th Dist.] 1994, no writ); Berry Prop. Mgt., Inc. v. Bliskey, 
850 S.W.2d 644, 671 (Tex. App.—Corpus Christi 1993, writ dism'd by agr.); Sisters 
of Charity of Incarnate Word v. Dunsmoor, 832 S.W.2d 112, 118 (Tex. 
App.—Austin 1992, writ denied).
        The 
trial court erred in failing to deduct the amount of Brantley’s workers’ 
compensation credit before it calculated prejudgment interest.  Prejudgment 
interest should have been calculated on the sum of $4,812.37, which is the 
amount of the damages award less the offsetting credit for the workers’ 
compensation lien.  We sustain Helen’s second issue.
        Having 
sustained both of Helen’s issues, we reverse the part of the judgment awarding 
prejudgment interest and remand to the trial court to recalculate prejudgment 
interest in accordance with this opinion.
 
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
 
DELIVERED: 
February 10, 2005


NOTES
1.  
The legislation provided, in pertinent part:
 
“The postjudgment interest rate is: (1) the prime rate as published by the 
Federal Reserve Bank of New York on the date of computation; (2) five percent a 
year if the prime rate as published by the Federal Reserve Bank of New York as 
described by Subdivision (1) is less that five percent; or (3) 15 percent a year 
if the prime rate as published by the Federal Reserve Bank of New York described 
by Subdivision (1) is more than 15 percent.”  Act of June 20, 2003, 78th 
Leg., R.S., ch. 676, § 1, 2003 Tex. Gen. Laws 2096, 2097; Act of June 2, 2003, 
78th Leg., R.S., art. 6, § 6.01, 2003 Tex. Gen. Laws 847, 862 (both codified at 
Tex. Fin. Code Ann. § 
304.003(c)).
2.  
We note that the five percent prejudgment interest rate actually went into 
effect on June 20, 2003 by virtue of House Bill 2415.  See Tex. H.B. 
2415, § 2(b), 78th Leg., R.S., Tex. Gen. Laws 2096, 2097 (providing that House 
Bill 2415 took effect immediately if it received a two-thirds vote of all the 
members elected to each house, which it did on June 20, 2003); Tesfa v. 
Stewart, 135 S.W.3d 272, 279 (Tex. App.—Fort Worth 2004, pet. denied) 
(noting that amendments to finance code interest rate were effective on both 
June 20 and September 1, 2003).  Because Pringle did not raise this 
argument below, however, we cannot reverse the trial court on this ground.  
See Banda v. Garcia, 955 S.W.2d 270, 272 (Tex. 1997); Rogers v. Stell, 
835 S.W.2d 100, 101 (Tex. 1992).
3.  
At a hearing on October 6, 2003 the court made the following statements:
 
[THE COURT]: The parties are incorrect, in that Mr. Pringle is deceased, was 
killed in a car wreck following the actual date of the jury verdict, and 
following the date I set aside the original 
final judgment. [Emphasis supplied.]
                . 
. . .
[THE 
COURT]: The Court’s response to that is I signed a judgment in this case 
before the death of Mr. Pringle even though I 
did set it aside. [Emphasis supplied.]
 
4.  
The case Moon cites to support his position, Brandon v. American Sterilizer 
Co., 880 S.W.2d 488 (Tex. App.—Austin 1994, no writ), is inapposite 
because it does not address the issue before us.  The prejudgment issues in 
American Sterilizer involved the award of prejudgment interest for the 
time between the return of the verdict and the rendering of the judgment and the 
right of a workers’ compensation lien assignee to receive credit for the full 
amount of the lien.  See id. at 494-95.