



# MEMORANDUM OPINION

No. 04-09-00339-CV

John E. **FODDRILL** Sr.,
Appellant

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-06702
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 7, 2010

AFFIRMED

John E. Foddrill Sr. sued the City of San Antonio, alleging the City terminated his employment in violation of the Texas Whistleblower Act.  The trial court entered a take nothing judgment based on a jury's findings.  On appeal, Foddrill contends the jury charge contained error, and the jury's finding was against the great weight and preponderance of the evidence.  We affirm the trial court's judgment.

**JURY CHARGE**

The first question included in the jury charge asked, "Did John Foddrill, Sr. make a good faith report of a violation of law?" The term "good faith" was defined in the question as follows: "'Good-faith' in this question means that – (1) John E. Foddrill believed that the conduct reported was a violation of law; and (2) his belief was reasonable in light of his training and experience." The jury answered the question "no." The charge instructed the jury not to answer any of the other questions if the jury answered "no" to question number 1.

In his first issue, Foddrill contends the question erroneously submitted the legal question of whether Foddrill reported a violation of law. In his second issue, Foddrill contends the question was vague and improperly combined separate theories of liability because Foddrill made more than one report upon which liability could be based. The City responds that Foddrill failed to preserve error with regard to the complaints he raises on appeal.

"The standard for reviewing the sufficiency of a charge objection is whether it called the trial court's attention to the issue." *Tesfa v. Stewart*, 135 S.W.3d 272, 275 (Tex. App.—Fort Worth 2004, pet. denied). The test is "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *State Dept. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992).

In this case, Foddrill initially submitted a proposed jury charge containing a question that listed each separate report he contended gave rise to a whistleblower claim. During the formal charge conference, the City's attorney asserted numerous objections to this question. The City's attorney then stated the City had submitted a jury charge based on the pattern jury charge; however, the City's attorney stated, "I went ahead and typed up a question number 1 the way I want and question number 1, the way [Foddrill's attorney] has requested it with the definition of

law in it, so we already have that set up. That's what's in the charge in both of those. We would pick one — or the other question number 1." In response to the trial court's request for Foddrill's objections to the City's suggested jury charge, Foddrill's attorney responded as follows:

> [Foddrill's attorney]: We had requested the inclusion of the definition of law, since it does carry a special definition under the statute. We think it's important that it is made clear to the jury what the definition of law is pursuant to the whistle-blower statute, and that's why we had requested the question number — we agree with question number 1 in the defendant's submission the way it is submitted. We have no objections to question number 2 or question number 3.

After taking the objections and requests made by the parties under advisement, the trial court subsequently announced the manner in which the charge would be submitted. At that time, Foddrill's attorney again raised the question regarding the definition as follows:

> [Foddrill's attorney]: And the decision on the definition of law?
> THE COURT: I'm not — it's not in the pattern jury charge, and I'm not going to include it in our jury charge.

A party cannot preserve error by agreeing to the submission of a question in a charge and then complain about its inclusion. *See Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 101 (Tex. App.—Eastland 2006, pet. denied); *see also Pinnacle Anesthesia Consultants, P.A. v. Fisher*, No. 05-07-01042-CV, 2009 WL 1801032, at *13 (Tex. App.—Dallas June 25, 2009, no pet.). Having reviewed the proposed jury charges submitted by the parties and the objections made during the charge conference, we hold that Foddrill's objection to question number 1 was limited to the trial court's refusal to include a definition of the term "law" in the question. The two complaints Foddrill raises on appeal are: (1) the charge erroneously submitted the legal question of whether Foddrill had reported a violation of the law; and (2) the question submitted was vague because it combined separate theories of liability. Because these complaints do not comport with Foddrill's objection at trial, they are not preserved for appellate review. *See*

*Knapp v. Wilson N. Jones Mem. Hosp.*, 281 S.W.3d 163, 171 (Tex. App.—Dallas 2009, no pet.); *City of Sugar Land v. Home & Hearth Sugarland, L.P.*, 215 S.W.3d 503, 517 (Tex. App.—Eastland 2007, pet. denied).

SUFFICIENCY

In his third issue, Foddrill contends the trial court erred in denying his motion for new trial because the jury's finding that he did not "make a good faith report of a violation of law" was against the great weight and preponderance of the evidence. When a motion for new trial raises a challenge to the sufficiency of the evidence supporting a verdict, we apply the appropriate sufficiency of the evidence standard in evaluating the trial court's denial of the motion. *McMillon v. Texas Dept. of Ins.*, 963 S.W.2d 935, 938 (Tex. App.—Austin 1998, no pet.); *Mandell v. Hamman Oil & Ref. Co.*, 822 S.W.2d 153, 158 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

Foddrill requested that a partial reporter's record be filed in this appeal. *See* TEX. R. APP. P. 34.6(c). Foddrill did not, however, submit a statement of points or issues to be presented on appeal. *See id*. at 34.6(c)(1) (appellant requesting partial reporter's record must include in request statement of points or issues to be presented on appeal). As a result, we must presume the omitted portions of the reporter's record support the jury's findings. *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (stating appellate court must affirm trial court's judgment if party raising sufficiency complaint completely fails to submit statement of points or issues); *In re J.S.P.*, 278 S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.) (noting failure to file statement of points or issues requires appellate court to presume material missing from reporter's record is relevant and supports the trial court's judgment). Accordingly, Foddrill's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice