MEMORANDUM OPINION

 

No. 04-09-00339-CV

 

John E. FODDRILL
Sr.,

Appellant

 

v.

 

CITY OF SAN
ANTONIO,

Appellee

 

From the 57th
Judicial District Court, Bexar County, Texas

Trial Court No. 2006-CI-06702

Honorable Antonia
Arteaga, Judge Presiding

 

Opinion by:     Marialyn Barnard, Justice

 

Sitting:                        Sandee Bryan Marion, Justice

                        Phylis
J. Speedlin, Justice

                        Marialyn
Barnard, Justice

 

Delivered and
Filed:  July 7, 2010

 

AFFIRMED

 

            John
E. Foddrill Sr. sued the City of San Antonio, alleging the City terminated his
employment in violation of the Texas Whistleblower Act.  The trial court
entered a take nothing judgment based on a jury’s findings.  On appeal,
Foddrill contends the jury charge contained error, and the jury’s finding was
against the great weight and preponderance of the evidence.  We affirm the
trial court’s judgment.

Jury Charge

            The first question included in the jury charge asked, “Did
John Foddrill, Sr. make a good faith report of a violation of law?”  The term
“good faith” was defined in the question as follows: “‘Good-faith’ in this
question means that – (1) John E. Foddrill believed that the conduct reported
was a violation of law; and (2) his belief was reasonable in light of his
training and experience.”  The jury answered the question “no.”  The charge
instructed the jury not to answer any of the other questions if the jury
answered “no” to question number 1.

In
his first issue, Foddrill contends the question erroneously submitted the legal
question of whether Foddrill reported a violation of law.  In his second issue,
Foddrill contends the question was vague and improperly combined separate
theories of liability because Foddrill made more than one report upon which
liability could be based.  The City responds that Foddrill failed to preserve
error with regard to the complaints he raises on appeal.

            “The
standard for reviewing the sufficiency of a charge objection is whether it
called the trial court’s attention to the issue.”  Tesfa v. Stewart, 135
S.W.3d 272, 275 (Tex. App.—Fort Worth 2004, pet. denied).  The test is “whether
the party made the trial court aware of the complaint, timely and plainly, and
obtained a ruling.”  State Dept. of Highways & Pub. Transp. v. Payne,
838 S.W.2d 235, 241 (Tex. 1992).

            In
this case, Foddrill initially submitted a proposed jury charge containing a
question that listed each separate report he contended gave rise to a
whistleblower claim.  During the formal charge conference, the City’s attorney
asserted numerous objections to this question.  The City’s attorney then stated
the City had submitted a jury charge based on the pattern jury charge; however,
the City’s attorney stated, “I went ahead and typed up a question number 1 the
way I want and question number 1, the way [Foddrill’s attorney] has requested
it with the definition of law in it, so we already have that set up.  That’s
what’s in the charge in both of those.  We would pick one — or the other
question number 1.”  In response to the trial court’s request for Foddrill’s
objections to the City’s suggested jury charge, Foddrill’s attorney responded
as follows:

[Foddrill’s
attorney]:  We had requested the inclusion of the definition of law, since it
does carry a special definition under the statute.  We think it’s important
that it is made clear to the jury what the definition of law is pursuant to the
whistle-blower statute, and that’s why we had requested the question number —
we agree with question number 1 in the defendant’s submission the way it is
submitted.  We have no objections to question number 2 or question number 3.

 

After taking the
objections and requests made by the parties under advisement, the trial court
subsequently announced the manner in which the charge would be submitted.  At
that time, Foddrill’s attorney again raised the question regarding the
definition as follows:

[Foddrill’s
attorney]:  And the decision on the definition of law?

THE COURT: 
I’m not — it’s not in the pattern jury charge, and I’m not going to include it
in our jury charge.

 

A
party cannot preserve error by agreeing to the submission of a question in a
charge and then complain about its inclusion.  See Bluestar Energy, Inc. v.
Murphy, 205 S.W.3d 96, 101 (Tex. App.—Eastland 2006, pet. denied); see
also Pinnacle Anesthesia Consultants, P.A. v. Fisher, No. 05-07-01042-CV,
2009 WL 1801032, at *13 (Tex. App.—Dallas June 25, 2009, no pet.).  Having
reviewed the proposed jury charges submitted by the parties and the objections
made during the charge conference, we hold that Foddrill’s objection to
question number 1 was limited to the trial court’s refusal to include a
definition of the term “law” in the question.  The two complaints Foddrill
raises on appeal are: (1) the charge erroneously submitted the legal question
of whether Foddrill had reported a violation of the law; and (2) the question
submitted was vague because it combined separate theories of liability. 
Because these complaints do not comport with Foddrill’s objection at trial,
they are not preserved for appellate review.  See Knapp v. Wilson N. Jones
Mem. Hosp., 281 S.W.3d 163, 171 (Tex. App.—Dallas 2009, no pet.); City
of Sugar Land v. Home & Hearth Sugarland, L.P., 215 S.W.3d 503, 517
(Tex. App.—Eastland 2007, pet. denied).

Sufficiency

            In
his third issue, Foddrill contends the trial court erred in denying his motion
for new trial because the jury’s finding that he did not “make a good faith
report of a violation of law” was against the great weight and preponderance of
the evidence.  When a motion for new trial raises a challenge to the
sufficiency of the evidence supporting a verdict, we apply the appropriate
sufficiency of the evidence standard in evaluating the trial court’s denial of
the motion.  McMillon v. Texas Dept. of Ins., 963 S.W.2d 935, 938 (Tex.
App.—Austin 1998, no pet.); Mandell v. Hamman Oil & Ref. Co., 822
S.W.2d 153, 158  (Tex. App.—Houston [1st Dist.] 1991, writ denied).

Foddrill
requested that a partial reporter’s record be filed in this appeal.  See Tex. R. App. P. 34.6(c).  Foddrill did
not, however, submit a statement of points or issues to be presented on
appeal.  See id. at 34.6(c)(1) (appellant requesting partial reporter’s
record must include in request statement of points or issues to be presented on
appeal).  As a result, we must presume the omitted portions of the reporter’s
record support the jury’s findings.  Bennett v. Cochran, 96 S.W.3d 227,
229 (Tex. 2002) (stating appellate court must affirm trial court’s judgment if
party raising sufficiency complaint completely fails to submit statement of
points or issues); In re J.S.P., 278 S.W.3d 414, 418 (Tex. App.—San
Antonio 2008, no pet.) (noting failure to file statement of points or issues
requires appellate court to presume material missing from reporter’s record is
relevant and supports the trial court’s judgment).  Accordingly, Foddrill’s
third issue is overruled.

Conclusion

            The
trial court’s judgment is affirmed.

 

Marialyn Barnard, Justice